IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YANDY REINA MACHADO,

Petitioner,

v. No. 2:26-CV-01916-KG-JMR

FNU LNU, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Yandy Reina Machado's Petition for a Writ of Habeas Corpus file June 12, 2026. Doc. 1. The Government responded to the Petition on June 30, 2026. Doc. 6. Petitioner filed a reply on July 7, 2026. Doc. 7. Petitioner also filed a Motion for Leave to File Supplemental Response and Supplemental Declaration on July 14, 2026. Doc. 8. The Government did not respond to Petitioner's Motion for Leave. As an initial matter, the Court grants Petitioner's Motion for Leave. The Court has considered the arguments and exhibits presented in the Petition, Response, Reply, and Motion for Leave. For the reasons below, the Court denies the Petition.

## *I. Background*

Petitioner is a native and national of Cuba. Doc. 1 at 15. He entered the United States in 2021. Doc. 6-1 ¶ 6. On June 24, 2025, Immigration and Customs Enforcement ("ICE") transferred Petitioner to civil immigration detention following an arrest for possession of cocaine and driving with a suspended license. *Id.* ¶ 8–9. Petitioner requested asylum and an adjustment of status under the Cuban Adjustment Act. Doc. 6-2. On December 3, 2025, an immigration judge denied Petitioner's request for asylum, found Petitioner inadmissible under

INA § 212(a)(6)(A)(i) and granted withholding of removal under § 241(b)(3). *Id.*

On January 20, 2026, ICE informed Petitioner that it intended to remove him to Mexico. Doc. 6-3; *see* § 1231(b) (authorizing removal to alternative counties). Since January 20, 2026, Respondents have tried to remove Petitioner to Mexico multiple times. ICE Officer Fabian Monreal states that Petitioner has thwarted ICE's attempts at removal by threatening "to shoot ICE officers" and refusing to board or exit the transportation bus. *Id.* ¶ 8-15. Respondents also attach to their Response, Petitioner's Notice of Removal, Doc. 6-3, an I-229(a) Form, Doc. 6-4, and a Notice of Failure to Comply, Doc. 6-5, all which Petitioner refused to sign.

Petitioner argues that ICE has detained him for longer than the presumptively reasonable six-month period under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Doc. 1 at 11. Respondents agree that they have detained Petitioner for longer than the six-month period but argue that Petitioner has thwarted his removal.

## *II. Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Zadvydas*, 533 U.S. at 687.

"[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after a removal order becomes administratively final. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). A removal order becomes administratively final upon the earlier of either the noncitizen's waiver of the right to appeal or the expiration of the time to appeal if no appeal is filed. *See* 8 C.F.R. § 1241.1(a)–(b). During the 90-day "removal period," the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may detain the

noncitizen for as long as is "reasonably necessary" to secure their removal. *Id.*

Because a statute permitting indefinite detention of a noncitizen would raise Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 690, 699. A six-month detention period is presumptively reasonable. *Id.* After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must...rebut that showing" or release the noncitizen. *Id*. at 701. The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

Post-removal detention is generally governed by § 1231(a)(2), which mandates detention "[a]fter entry of a final removal order." *Zadvydas*, 533 U.S. at 683 (citing § 1231(a)(2)). "[T]he Government ordinarily secures" a noncitizen's removal during the 90-day removal period, during which the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682; *see* § 1231(a)(1). After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal. *Zadvydas*, 533 U.S. at 682. A six-month detention period is presumptively reasonable. *Id.* at 701. The removal period may be extended and "the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." § 1231(a)(1)(C).

## *III. Analysis*

Here, it is undisputed that Petitioner has impeded his removal. The order of removal became final on January 2, 2026, following the expiration of the period in which Petitioner could

file an appeal. Doc. 6-2; *see* 8 C.F.R. § 1241.1(a)–(b). Thereafter, ICE attempted to remove Petitioner to Mexico multiple times. Doc. 6-6. During these multiple attempts, Petitioner threatened to shoot ICE officers and refused to board or exit ICE transportation buses. *Id.* ¶ 7–15. Petitioner has also refused to sign his deportation documents. Doc. 6-1 ¶ 10, 15–16. Petitioner's threats to ICE Officers, refusals to enter or exit transportation buses, and decisions not to sign his deportation documents have impeded the government's efforts to remove him. *See Perez v. Blanche*, 2026 WL 1587336, at *1 (D.N.M.) (concluding that petitioner remained subject to mandatory detention where he acted to prevent his removal by refusing to board a bus to Mexico). The Court concludes that Petitioner has "act[ed] to prevent" his removal under § 1231(a)(1)(C).

Accordingly, the removal period has been extended pursuant to § 1231(a)(1)(C)—the six-month period has not expired, and Petitioner's detention remains presumptively reasonable. Petitioner may file a new Petitioner if he demonstrates that he has cooperated with the Government's efforts to effectuate his removal and nevertheless remains detained.

## *IV. Conclusion*

For the reasons above, the Court denies the Petition for a Writ of Habeas Corpus, Doc. 1. Petitioner may refile another petition in the future if his status changes.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.